### COMMONWEALTH *vs.* JAMES E. JOHNSON.

Hampden.   Sept. 23. — Oct. 24, 1884.   C. ALLEN & COLBURN, JJ., absent.

At the trial of a complaint for an unlawful keeping for sale of intoxicating liquors, evidence of a witness for the government was admitted, against the defendant's objection; and the presiding judge, in considering the objection, commented adversely on the witness in the hearing of the jury, and afterwards, in his charge, ordered the evidence to be stricken out, and directed the jury to disregard it and anything that had been said in reference to it. No objection was made by the defendant to the order to disregard the evidence of the witness. *Held,* that the defendant had no ground of exception.

COMPLAINT alleging that the defendant, on April 4, 1884, at Wilbraham, kept intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth.   Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows:

The government called as a witness one Terence Flannagan, a wholesale liquor dealer, who testified, against the defendant's objection, among other things, substantially as follows:   The district attorney asked him, " Did you sell the defendant any liquor between March 1 and April 4, last?"   The witness answered:   " He might have come in there and got a gallon of whiskey or gin.   He didn't buy any more than many persons who buy for their own use, and not as much as a good many temperance men."   The district attorney then proceeded to cross-examine the witness, against the objection of the defendant, and was allowed to ask him, " Who the temperance men were who bought liquor of him?"   The judge, while considering the defendant's objection, remarked, in the presence and hearing of the jury:   " I shall allow this witness to be cross-examined, because of his evident intention not to tell the whole truth.   I shall allow the district attorney to ask any proper question he pleases."   The district attorney had not then contended, and did not contend, until after the judge had made the above remark, that the witness was an adverse or unwilling witness, otherwise than by asking the above questions.   The witness also stated, " I have no interest except to tell all I know."

After the evidence was all in, the judge, in his charge to the jury, instructed them that the whole evidence of Flannagan should be stricken out, as not having any bearing on the case; and that they should not consider it at all, nor anything that had been said in reference to it.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the admission of the evidence and to the remarks of the court.

*E. H. Lathrop*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth, submitted the case without argument.

W. ALLEN, J. The defendant objects that the question put by the district attorney to the witness was not competent. We think that the question was competent; and the defendant does not claim to have been injured by the answer.

The defendant also objects that the court in its charge ordered the evidence of the witness to be stricken out, and directed the jury to disregard it. The ground of this objection is, that the answer of the witness was favorable to him, and that he was entitled to the benefit of it. But this ground was not taken at the trial, and no objection was made by the defendant to the striking out of the evidence. Evidence admitted for the Commonwealth, against the objection of the defendant, was ordered to be stricken out, and no objection was made or exception taken by the defendant.

The remarks of the judge which were excepted to were not made to the jury, but were a statement to the parties of the reasons of the decision of a question arising in the course of the trial; and the only objection made to them is that they were made in the hearing of the jury, who may have been influenced by them to discredit a witness for the Commonwealth whose evidence was afterwards stricken out.

*Exceptions overruled.*